[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO MODIFY JUDGMENT, DATED FEBRUARY 24, 1998
This motion relates to a certain petition for dissolution of marriage dated December 5, 1988 and returnable January 3, 1989, which petition was heard by the Court, Axelrod, J., and judgment rendered thereon dated March 15, 1990.
The instant motion represents that due to the Defendant's recent layoff and a substantial change in circumstances that the order as to alimony should be modified downward.
The motion to modify was heard by the Court on February 10, 1999 at which time the Plaintiff and the Defendant, with their respective counsel, appeared.
That portion of the judgment of March 15, 1990 pertaining to award of alimony is set forth herein:
 And it is ordered that the defendant shall pay to the plaintiff the sum of $850.00 per month as alimony until the plaintiff's death or remarriage. Should the plaintiff cohabitate with an unrelated male in a manner defined by Connecticut General Statute 46b-86, then upon motion by one of the parties, the Superior Court will review the alimony order.
At the time of the judgment, March 15, 1990, the Defendant's financial affidavit reflected gross income from Analysis and Technology (AT) weekly of $1,000.00 deductions of $394.03, including a deduction of $50.00 to his 401K, for a weekly net of $605.97, plus Navy pension of $253.26 weekly, deductions of $41.17, for a net of $212.09.
Total net weekly income at that time was $818.06.
On March 23, 1998 the parties stipulated that any order entered incident to the subject motion is to be retroactive to March 23, 1998.
On May 6, 1998 the parties stipulated as concerns the subject motion as follows: CT Page 2719
 Alimony shall be reduced from $850.00 per month to $425.00 per month and shall be continued 3 months to August 10, 1998 for review . . .
 The Court makes the following findings of fact.
The witness Shirelle Gray is employed by AT in the Human Resources division and deals with employee issues. Ms. Gray is acquainted with the Defendant and his employment history.
The Defendant was first employed by AT beginning April 1980 and his employment continued to July 1992.
The Defendant, after 1992, was on an "on call status".
After a substantial gap, the Defendant again worked for AT, but was terminated on March 14, 1998, still in an "on call status".
The Defendant's title while he was employed by AT was Operations Analyst Level 4.
Since March 14, 1998 AT has endeavored to assist the Defendant in securing a new position with other AT divisions and outside employers by circulating a resume on his behalf, but to no avail.
At the time of the dissolution, the parties had two minor children, which is no longer the case.
On occasion the Defendant has received unemployment compensation which amounted to $360.00 weekly, but this lapsed in August 1998.
While employed at AT the Defendant specialized in matters pertaining to anti-submarine warfare and wrote manuals incident thereto.
Work in this realm of expertise has declined in recent years and none is presently available to the Defendant.
The Defendant is presently unemployed and does not receive unemployment compensation. CT Page 2720
The Defendant is currently a full-time student at the University of Connecticut at Avery Point.
Due to prior military service, the State pays his tuition.
The Defendant pays for his books.
The Defendant is studying accounting and presently takes 12 credits a semester.
The Defendant has accumulated 60 credits so far, incident to securing his degree.
The Defendant is now age 56 and hopes to graduate in two years, his health is good and he is academically on the dean's list. The Defendant's formal education before entering the Navy was through the ninth grade. The Defendant is a veteran of the Korean Conflict having served with the U.S. Navy.
The Defendant resides by himself in a cottage near the university.
The Defendant retired from the Navy in 1980 as a Master Chief Petty Officer in the field of electronics, he was well versed in sonar and assisted in training exercises aboard ships for the Navy.
The Defendant reviews the newspapers daily regarding job applications in his field.
In April 1998 the Defendant received $8,000.00; $6,000.00 after taxes, as a result of a 25% distribution from his AT stock.
The Defendant currently has $1,700.00 in cash.
In June 1997 the Defendant purchased a 1997 Jeep motor vehicle on which $10,500.00 is owed.
The Plaintiff resides in the former marital home at 315 Judson Avenue, Mystic, which she presently values at $118,000.00 with a mortgage of $36,364.00.
Plaintiff's monthly mortgage payment is $600.00. There is a second mortgage on the premises of $10,000.00 taken out four CT Page 2721 years ago, which costs $100.00 monthly.
The Plaintiff is employed by Aramark and works at the Coast Guard Academy in New London in the dining hall. The Plaintiff presently works 20 hours weekly for Aramark.
Plaintiff has a second job at the Coast Guard Officer's Club as a waitress receiving $6.73 an hour for approximately eight hours a month.
Plaintiff's home needs a new roof.
In 1998 the Plaintiff earned $1,700.00 from her second job.
The Plaintiff is age 53 and a high school graduate and enjoys reasonably good health.
Plaintiff was laid off for three weeks in December 1998.
Her unemployment rate is $235.00 weekly when received.
Plaintiff has received no alimony since August 1998.
Plaintiff has not been able to maintain health insurance since her coverage under Cobra ran out in 1993.
Plaintiff's financial affidavit reflects a weekly net income of $208.96, which includes $62.50 assigned to her from the Defendant's Navy pension.
Her weekly expenses are $471.24.
Plaintiff's only present assets are her equity in her home of $81,636.00 and a 1992 Honda motor vehicle valued at $2,900.00.
By contrast, the Defendant has assets amounting to $218,429.00.
The Plaintiff's 1997 income was $32,151.00. See Defendant's Exhibit 2.
The Defendant's 1996 income was $49,847.04 and in 1997 was $41,226.25. See Plaintiff's Exhibits A and B.
 Discussion
CT Page 2722
The Defendant finds himself at this point, age 57, facing a job market where his acquired skills in anti-submarine warfare and sonar are no longer in demand due to shifting defense emphasis.
Admittedly, the Defendant has not intentionally terminated his former employment.
It may well be that due to Defense Department shifts that the Defendant no longer has the opportunity to earn the same compensation that was the case several years ago.
The Defendant's recognition of the changes in the job market and his endeavoring to secure a degree in accounting are realistic and prudent.
Admittedly, the decree of dissolution, Axelrod, J., stated that the alimony was to terminate only on Plaintiff's death or remarriage.
The Plaintiff's employment has continued with the same employer that existed at the time of the divorce.
The Plaintiff has not remarried.
This was a very long marriage prior to its dissolution, the same occurring on June 26, 1965.
On the Defendant's current financial affidavit indicating he is unemployed, his weekly gross income is shown as $282.00 (Navy pension); deductions, $42.00; net, $240.00.
His claimed expenses are $508.00.
The Court is mindful that its orders can be based on "earning capacity".
The Court also considers other assets or resources of the parties.
Admittedly, the Defendant has opted for further education rather than consideration of other employment at substantially lower prospects of compensation. CT Page 2723
Mindful of the present substantial disparity of assets between the parties and the liquidity aspect thereof, it is hard to understand why the Defendant has not made any payments of alimony at all since August of 1998, even if the payments were token payments.
The Court is mindful of what the Plaintiff received at the time of the dissolution decree.
 The Law
The Court has considered the provisions of Connecticut General Statute § 46b-86.
The Court has considered the testimony of the parties, the financial affidavits of the parties, the arguments of counsel and the memorendum of law submitted by counsel consideration of other employment at substantially lower prospects of compensation. for the respective parties.
The Court enters the following orders.
The Court declines to terminate the order of alimony.
The Court modifies the order of alimony from $850.00 a month to $350.00 a month without prejudice retroactive to March 28, 1998 in accordance with the express stipulation of the parties.
The Defendant is to keep the Plaintiff or her counsel apprised of his continued academic involvement and active participation in educational matters in the pursuit of a degree. Manifestly there has been a substantial change in circumstances.
Even though the Defendant is laudably furthering his education, he cannot leave the Plaintiff financially adrift while he gets a degree.
The matter is continued for one year for review.
Austin, JTR